# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

LAMAR DESEAN HAYES, JR.,

      Petitioner,

v.                                                       Case No. 3:21-cv-892-TJC-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE

**I.**    **Status**

     Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on September 2, 2021 (mailbox rule), as supplemented (Doc. 6). He challenges a 2011 state court (Duval County, Florida) judgment of conviction for first degree murder and robbery. Petitioner is serving a life term of imprisonment. Respondents filed a Motion to Dismiss (Doc. 12), with exhibits (Docs. 12-1 to 12-7; Ex.), arguing that this case should be dismissed with prejudice as untimely. Petitioner filed a Reply (Doc. 15). This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

(11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Procedural History

On March 4, 2011, following a jury verdict, Petitioner was adjudicated guilty of first degree murder and robbery, and the trial court sentenced him to a term of life imprisonment without the possibility of parole. Ex. 1. Petitioner filed a direct appeal, and on January 27, 2012, the First District Court of Appeal per curiam affirmed his convictions and sentence without issuing a written opinion. Ex. 2. Petitioner did not file a motion for rehearing, and the mandate issued on February 14, 2012. See Hayes v. State of Florida, No. 1D11-1230 (Fla. 1st DCA).

On December 10, 2012 (mailbox rule), Petitioner filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. Ex. 4.[2] The state

---

[2] Although this motion is entitled "amended," a review of the state court docket shows no filings between the First DCA's issuance of the mandate on direct appeal and the filing of this "amended" motion. See Ex. 3.

3

court's docket reflects that Petitioner filed an amended Rule 3.850 motion on about July 12, 2013, and on June 23, 2017, the state court denied the motion. See Ex. 3. Petitioner requested rehearing, but his request was denied. See id. Petitioner appealed, and on January 25, 2019, the First DCA per curiam affirmed the denial without issuing a written opinion. Ex. 5 at 1-2. The mandate issued on February 22, 2019. See Hayes v. State of Florida, No. 1D17-3764 (Fla. 1st DCA). After the mandate issued, Petitioner filed a motion to accept his motion for rehearing as timely filed and a motion for rehearing, but the First DCA denied both requests on March 18, 2019, and April 10, 2019, respectively. Ex. 5 at 3-14.

In the meantime, Petitioner filed another Rule 3.850 motion based on newly discovered evidence on May 21, 2018 (mailbox rule).[3] Ex. 6. On November 12, 2019, the state court denied the motion. See Ex. 3. Petitioner appealed the denial. See id. On November 25, 2020, the First DCA per curiam affirmed the trial court's decision without issuing a written opinion, Ex. 7 at 1-2, and denied Petitioner's request for rehearing on March 19, 2021, id. at 10. The mandate issued on April 9, 2021. Id. at 11.

On September 2, 2021, Petitioner filed the instant case.

---

[3] Respondents mistakenly assert that this motion was filed on May 21, 2019, see Doc. 12 at 2, and thus, Respondents' calculations are incorrect.

4

**IV. Analysis**

Petitioner's judgment and sentence became final on April 26, 2012, which is 90 days after the First DCA's per curiam decision affirming Petitioner's direct appeal. See Clay v. United States, 537 U.S. 522 (2003); Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion." (citing Supreme Court Rule 13.3[4])). The next day, April 27, 2012, Petitioner's federal one-year limitations period began to run, and it ran for 227[5] days until it was tolled on December 10, 2012, by the filing of Petitioner's first Rule 3.850 motion. The state court denied the motion, and Petitioner appealed. While the appeal was pending, Petitioner filed his second Rule 3.850 motion on May 21, 2018, so his one-year limitation period remained tolled until April 9, 2021, when the First DCA issued its mandate in his second Rule 3.850 proceeding. His one-year period began to run the following day (April 10, 2021), and it expired 138 days

---

[4] See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate.").

[5] Respondents incorrectly state that 228 days passed. However, only 227 days passed from and including April 27, 2012, to, but not including, December 10, 2012.

5

later on August 26, 2021. Petitioner did not file the instant case until one week later on September 2, 2021. Thus, the Petition is untimely.

Petitioner argues that Respondents' calculations are incorrect in two ways, only one of which warrants discussion.[6] According to Petitioner, when the First DCA entered its per curiam affirmance in his direct appeal, the opinion stated it was not final until the time for rehearing expired, which was 15 days after the date of the opinion. Therefore, Petitioner contends that the 90-day period to file a certiorari petition in the United States Supreme Court runs from the expiration date for the time he had to file a motion for rehearing and not from the date of the First DCA's decision. Petitioner, however, is mistaken. The Supreme Court's rule clearly states that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . ." Sup. Ct. R. 13.3; see Butler v. Sec'y, Fla. Dep't of Corr., 621 F. App'x 604, 606 (11th Cir. 2015)[7] (rejecting argument that the 90-day period did not begin to run until the time for seeking rehearing expired). Had Petitioner filed a motion for rehearing, his 90-day period would have run from the date on

---

[6] Petitioner's second contention is well-taken, as Respondents have the year wrong for Petitioner's second Rule 3.850 proceeding. The Court's calculations above, however, take this into account and use the correct date.

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

6

which that motion was decided. But he did not file a motion for rehearing in his direct appeal. Thus, the 90-day period is calculated from the date of the First DCA's opinion.

Petitioner does not otherwise argue that he is entitled to equitable tolling, and he also does not make any showing of actual innocence.[8] See Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). Therefore, this case is due to be dismissed with prejudice as untimely.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED with prejudice** as untimely.

2. If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any

---

[8] Petitioner raises one ground in his Petition – that his trial counsel was ineffective for failing to investigate possible grounds for moving to suppress Petitioner's confession. See Doc. 1-1 at 1.

7

motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[9]

3. The **Clerk** shall enter judgment dismissing this case with prejudice as untimely, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of July, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 6/13
c:
Lamar Desean Hayes, Jr., #J43840
Counsel of Record

---

[9] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

8